# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 16, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| JEREMIAH MEANS, | * | |
| | * | No. 12-740V |
| Petitioner, | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Interim Attorneys' Fees and Costs; |
| | * | Reasonable Amount Requested to |
| Respondent. | * | which Respondent Does Not Object. |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Donald P. Edwards, Law Office of Donald P. Edwards, Atlanta, GA, for petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 1, 2012, Jeremiah Means ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation program ("the Program")[2] alleging that as a result of receiving an influenza ("flu") vaccination on November 6, 2009, and a tetanus, diphtheria, and acellular-pertussis ("Tdap") vaccination on November 7, 2009, he suffered hearing loss, generalized weakness, and gait instability. Petition at ¶¶ 1, 7. Petitioner later developed his claim to allege that the vaccinations at issue significantly aggravated his Susac's Syndrome; or alternatively, that the vaccinations caused him to suffer an encephalopathy as described in the Vaccine Injury Table ("Table"). See Petitioner's ("Pet'r's) Prehearing

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act"). All citations in this decision to individual sections of the Act are to 42 U.S.C.A. § 300aa.

1

Submission at 1; Pet'r's Posthearing Brief at 1. On October 13, 2015, a decision awarding entitlement to petitioner was entered.

On December 14, 2015, the parties filed a Stipulation of Facts Concerning Attorneys' Fees and Costs ("Stipulation") for the period of October 8, 2012, through October 31, 2015. Petitioner requests an award of interim attorneys' fees and costs in the amount of $75,000.00. Stipulation at ¶ 3. Respondent does not object to an award in this amount. Id. In accordance with General Order #9, petitioner filed a statement that he incurred no out of pocket expenses in pursuit of this claim. Id. at ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and respondent's lack of objection, the undersigned **GRANTS** petitioner's request for an award of interim fees incurred by his counsel for the period of October 8, 2012, through October 31, 2015, as follows:

**in a check made payable jointly to petitioner (Jeremiah Means) and petitioner's counsel (Donald P. Edwards) in the amount of $75,000.00. The interim award check shall be mailed directly to Law Office of Donald P. Edwards, 170 Mitchell Street, S.W., Atlanta, Georgia 30303-3424.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.